IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLYNN DELIL,<br><br>    Plaintiff,<br>v.<br><br>POINT REYES SEASHORE LODGE; JEFFREY F. HARRIMAN; and THOMAS R. HARRIMAN,<br><br>    Defendants.<br>_____/ | No. C 03-00010 SI<br><br>**ORDER AWARDING ATTORNEYS' FEES AND COSTS** |

Currently pending is plaintiff's motion for attorneys' fees and costs. Having carefully considered the arguments of counsel and the papers submitted, the Court hereby GRANTS IN PART plaintiff's motion and awards fees and costs as set out below.

**BACKGROUND**

Plaintiff Hollynn Delil[1] is physically disabled and requires the use of a wheelchair. Plaintiff visited the Point Reyes Seashore Lodge in Fall 2001.[2] After this visit, plaintiff wrote a letter to defendants detailing alleged disability access barriers. Defendants responded to the letter, and made some of the changes suggested by plaintiff. Plaintiff returned to the lodge on August 20, 2002. Plaintiff was not satisfied by the disability access provided by defendants and the parties again exchanged letters. Plaintiff then filed suit in this Court in January 2003, alleging violations of the Americans with Disabilities Act and the various California codes.

---

[1] Plaintiff brings this action under the name "Hollynn Delil." See Delil Declaration. However, plaintiff also uses the name "HolLynn D'Lil." See Delil Decl., Ex. 1 (providing copy of plaintiff's resume). Defendants also present evidence that plaintiff has filed lawsuits under both names. See Brown Decl., Exs. D, E. Plaintiff provides no explanation for the variety of names used, even within her own declaration.

[2] The Point Reyes Seashore Lodge is a 23 room lodge in Olema, California. Construction began on the lodge in 1987.

Plaintiff requested injunctive relief, damages, and fees and costs.

The parties conducted some discovery and extensive settlement negotiations. No dispositive motions were filed by the parties and the Court dismissed the case on March 24, 2004, after the parties reached a settlement. The parties were unable to agree on the issue of attorneys' fees and costs, leaving plaintiff to file the current motion.

**DISCUSSION**

**1.    Attorneys' fees**

Plaintiff's motion for attorneys' fees and costs is brought under both federal and state law. The federal authority to award attorneys' fees is derived in part from Section 505 of the ADA, which provides that "in any action or administrative proceeding commenced pursuant to [the ADA], the court or agency, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. Plaintiffs are entitled to fees under the ADA using the "lodestar" measure of fees, which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. See Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987) (citing Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933 (1983)). In evaluating what is a reasonable number of hours, the Court must review detailed time records to determine whether the hours claimed by the applicant were unnecessary, duplicative or excessive. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987).

Plaintiff is also entitled to attorneys' fees as the prevailing party under California law. Under California Code of Civil Procedure § 1021.5, plaintiff is entitled to attorneys' fees for enforcing "an important right affecting the public interest," if a "significant benefit . . . has been conferred on the general public or a large class of persons." Providing access to disabled individuals constitutes an important right affecting the public interest. California Government Code § 19230. State law also establishes the lodestar method as the proper method of calculation. Crommie v. State of California, 840 F.Supp. 719, 724-25 (N.D. Cal. 1994).

Plaintiff requests an award of fees in the amount of $186,800 and costs of $14,300. Plaintiff also requests an 2.0 multiplier to the lodestar amount, creating a total requested award for attorneys' fees and costs

of $387,500.

### A.     Plaintiff is entitled to attorneys' fees as the prevailing party

Defendants dispute plaintiff's entitlement to attorneys' fees under the ADA and the California "private attorney general" statute, claiming that plaintiff did not file her motion for fees in a timely fashion. Defendants argue that the Court's July 19, 2004 Order dismissing the case under Federal Rule of Civil Procedure 41(a)(1)(ii) was a final judgment or order. Defendants assert that plaintiff then had 14 days after the Court's July 2004 Order to file her motion for attorneys' fees under Federal Rule of Civil Procedure 54(d)(2). However, plaintiff's motion was not filed until November 23, 2004. Therefore, defendants argue that plaintiff failed to comply with the timeliness requirements of Rule 54(d) and should not receive an award of fees.

Even if Rule 54 applies to the circumstances of this case, the Court finds that plaintiff's motion was timely. The rule provides that the motion for fees must be filed within 14 days of entry of judgment, "unless otherwise provided by statute or order of the court." The Court's Order of July 19, 2004 stated that it would retain jurisdiction over rendering a decision on any fees motion. The Order also stated that the parties were to resolve the fees issue by negotiation if possible. Finally, the Court's August 25, 2004 Order stated that plaintiff could seek fees and costs through "a regularly scheduled motion."

The Court finds that the August 25, 2004 Order provided that plaintiff was not required to file her motion for attorneys' fees and costs within 14 days of the stipulated dismissal, given that the Order was issued more than one month after the dismissal order.

Defendants also argue that plaintiff is not entitled to fees because she did not make a reasonable attempt to settle the dispute prior to litigation. Defendants assert that plaintiff must engage in a reasonable attempt to settle her dispute prior to litigation, under Graham v. Daimler Chrysler Corp., 34 Cal.4th 553 (2004). However, Graham establishes this requirement only for plaintiffs asserting the "catalyst" theory for recovery of fees under CCP § 1021.5. The catalyst theory allows for the recovery of attorney fees "even when the litigation does not result in a judicial resolution if the defendant changes its behavior substantially because of, and in the manner sought by, the litigation." Id. at 560.

The catalyst theory does not apply in this case, as plaintiff obtained a judicially enforceable settlement

3

that included monetary damages and injunctive relief against defendants. Therefore, plaintiff has a basis for claiming to be the "prevailing party" other than "[her] being the catalyst of policy change." Barrios v. California Interscholastic Federation, 277 F.3d 1128, 1134 n. 5 (9th Cir. 2002). Instead, the settlement agreement establishes a "legally enforceable instrument" that makes her the "prevailing party." Id.; see also Richard S. v. Department of Developmental Services, 317 F.3d 1080, 1087 (9th Cir. 2003). Therefore, the Court finds that plaintiff is entitled to attorneys' fees as the prevailing party in this action.

### B. Hourly rate

Plaintiff requests the following hourly rates for counsel: $420[3] for Sidney Cohen; $395 for Paul Rein; and $345 for Patricia Barbosa. Plaintiff also requests $125 an hour for paralegal Scott Holmes. In support of her motion, plaintiff submits substantial evidence that the claimed fees are reasonable given the education, skill and experience of counsel, the amount they normally charge for their legal services and the market rate for attorneys of comparable skill and experience. See Cohen Decl. at ¶ 29; Rein Decl. at ¶ 38; Barbosa Decl. at ¶ 6-11; Pearl Decl. at 11. Defendants present no evidence that counsel's rates are unreasonable. Therefore, the Court finds that the hourly rates are reasonable.

### C. Reasonable hours expended

Plaintiff request an award compensating counsel for over 450 hours of attorney and paralegal time and assert that this time was reasonably spent on litigation. Defendants argue that the results could have been achieved with significantly less work and request a drastic reduction in the number of hours factored into the lodestar.

#### i. Rein and Barbosa

Plaintiff seeks payment for over 80 hours of time spent by attorneys Rein and Barbosa. Defendants argue that it was excessive for three lawyers to represent plaintiff in this matter. The Court agrees. The case

---

[3] This rate applies to work performed by Cohen in 2003-2005. Cohen's hourly rate in 2002 was $390, and he requests fees based on that rate for work performed in 2002.

was a typical ADA case that did not involve unique factual or legal issues. Plaintiff is well-versed in the state and federal disability provisions and identified a number of violations in her multiple visits to the premises. Therefore, liability was not in question during the litigation. Instead, the litigation consisted of a prolonged settlement negotiation. This is demonstrated by the fact that the parties did not file a single substantive motion with the Court.

Given this set of circumstances, it was unnecessary for Cohen to include additional attorneys in the case. Cohen justifies his high hourly rate by citing his skills and experience in ADA cases. If Cohen is an attorney worthy of such an hourly rate, then he should not require the assistance of additional attorneys to handle such a straightforward case. In reviewing the time sheets submitted by Paul Rein, the Court finds that many of the entries consist of telephone calls with co-counsel Cohen. In other entries, Rein reviews documents created by Cohen. Many of the tasks listed by Rein in his declaration demonstrate the repetitive nature of his involvement. These tasks include countless references to "reviewing" the various documents in the case. Rein Decl. at ¶ 6. Rein also gives a various descriptions to essentially the same activity – talking with Cohen – such as: "meetings, braintrusting, [and] consulting with co-counsel"; "consultation" re: various topics; and "calls. . . with co-counsel."

Given the straightforward nature of this case, the Court finds it was unnecessary for a well-qualified, highly compensated lawyer such as Cohen to need another attorney to "consult" or "brainstorm" with. Cohen is requesting compensation for over 350 hours of his own time on this case, which the Court finds is more than sufficient to obtain the results in this case. Therefore, the Court will not award fees based on the time submitted for Paul Rein, which the Court finds was unnecessary.

For the same reasons, the Court will not award attorneys' fees for the time of Patricia Barbosa.[4]

### ii. Cohen

Sidney Cohen served as lead counsel and requests an award for over 350 hours of his time spent litigating the case. Defendants argue that plaintiff should not receive an award for fees after July 22, 2003 because "all legitimate issues were resolved" on that date. However, this statement is incorrect. As of July

---

[4] Most of Barbosa's time entries also consist of "conferences" with co-counsel.

5

2003, several issues remained that were not resolved until the Settlement Agreement, including a lift for the breakfast area, handrails, and a pathway to the Casa Olema Area. Compare Brown Decl., Ex. O with Cohen Decl., Ex. 2. Therefore, the Court finds that it is proper to award fees for work performed after July 22, 2003.

Plaintiff produced the handwritten time sheets compiled by Cohen during the course of the litigation., which the Court has reviewed. See Cohen Decl., Ex. 3; Cohen Reply Decl., Ex. 1; and Supp. Cohen Decl., Ex. 1. The Court finds that the hours documented by Cohen are, although generous, not unreasonable. Defendants presented a thorough, painstaking and often contentious defense, which required the parties to engage in multiple mediations and other settlement negotiations and substantially extended the time required to complete the case. Therefore, the Court will award attorneys' fees for Cohen based on 367 hours reasonably expended on litigation.

**2.      Multiplier**

Plaintiff also requests a multiplier of 2.0 to the lodestar amount because of the results obtained, the importance of the case, and the contingent nature of plaintiff's fees. Although federal law does not permit an enhancement to the lodestar based on contingent risk, California law, by contrast, permits such enhancements under state fee-shifting statutes. See, Ketchum v. Moses, 24 Cal.4th 1122, 1136-37 (2001); Serrano v. Priest, 20 Cal.3d 25 (1977). The Ninth Circuit has held that where plaintiffs succeed on both federal and state statutory grounds, it is appropriate to enhance the lodestar fee with a multiple based on state law. Mangold v. California Public Utilities Commission, 67 F.3d 1470, 1478 (9th Cir. 1995). In addition to contingent risk, California law also allows courts to consider the results obtained and the importance of the case to plaintiff and the public when determining if an enhancement to the lodestar amount is appropriate. Serrano, 20 Cal.3d at 48-49.

The Court finds that an enhancement to the lodestar amount is not appropriate in this instance. As described above, this was a straightforward disability case that did not require exceptional work on the part of plaintiff's counsel to obtain the Settlement Agreement reached by the parties. Liability was not in question

in this case.[5] Plaintiff and her counsel are well-versed in disability law and repeat players in disability litigation. There were no substantive motions filed, nor were there any novel legal issues. Therefore, the Court finds that plaintiff should not receive an enhancement on the lodestar amount.

**3.   Costs**

Plaintiff requests an award of $13,904 for costs incurred by attorney Cohen during litigation (see Cohen Decl., Ex. 5), and $396 for costs incurred by attorney Rein. The Court will not award costs for Rein, as he presents no documentation in support of them. Defendants challenge the fees paid by Cohen for plaintiff's expert, claiming that all work after July 2003 was unnecessary. As described above, the Court finds that plaintiff should receive compensation for fees and costs incurred after July 2003. Defendants also challenge plaintiff's use of a courier service to deliver documents to defense counsel. The Court finds that the use of a courier service is appropriate and compensable. Therefore, the Court awards $13,904 in Cohen's costs.

///

---

[5] Plaintiff does not identify any contingent risk involved in the case, aside from stating that "[a]ll cases, no matter how strong on the merits, run the risk of losing." Pl.'s Mot. at 22. The Court finds that this is not sufficient to warrant an enhancement.

7

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART plaintiff's motion for attorneys' fees and costs:

1) Attorneys' Fees for Sidney Cohen in the amount of $154,975:

- 2002: 14.1667 hours x $390/hour = $5,525
- 2003-05: 352 hours x $420/hour = $149,450

2) Costs in the amount of $13,904

[Docket # 58]

**IT IS SO ORDERED.**

Dated: August 9, 2005

SUSAN ILLSTON
United States District Judge