IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLYNN DELIL, | No. C 03-00010 SI |
| Plaintiff, | **ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| v. | |
| POINT REYES SEASHORE LODGE; JEFFREY F. HARRIMAN; and THOMAS R. HARRIMAN, | |
| Defendants. | |

Having considered the submitted papers, the Court hereby DENIES plaintiff's motion for leave to file a motion for reconsideration.

**BACKGROUND**

Plaintiff Hollynn Delil is physically disabled and requires the use of a wheelchair. In January 2003, she brought suit against defendant Point Reyes Seashore Lodge in this Court alleging violations of the Americans with Disabilities Act ("ADA") and several related California statutes. Plaintiff requested injunctive relief, damages, and fees and costs.

After some discovery and extensive settlement negotiations, the Court dismissed the case on March 24, 2004, after the parties reached a settlement. No substantive motions were ever filed by either party. After the case was dismissed, plaintiff filed a motion for attorneys' fees. Plaintiff was represented chiefly by attorney Sid Cohen, with attorneys Paul Rein and Patricia Barbosa acting as co-counsel. The Court granted fees with regards to Cohen, but denied fees with regards to Rein and Barbosa.

Pursuant to Local Rule 7-9, Plaintiff now brings a motion for leave to file a motion for reconsideration of the attorneys' fees award with regards to Rein and Barbosa.

**DISCUSSION**

A party must demonstrate one of the following to be granted leave to file a motion for reconsideration:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the court to consider material facts or dispositive legal arguments which were presented to the court before such interlocutory order.

Civil Local Rule 7-9(b).

Plaintiff asserts that a motion for reconsideration will show a manifest failure by the Court to consider material facts which were presented to the Court. However, plaintiff's motion fails to outline any such failure to consider material facts that would justify revisiting the issue of attorneys' fees. Plaintiff contends that it was necessary for Cohen to retain two experienced, expensive co-counsel in this case, disputing the Court's statement that liability "was not in question" during the litigation. To the contrary, this case consisted of one long settlement negotiation in which not a single substantive motion was ever filed and not a single novel issue of law was identified. This was a matter which Mr. Cohen, with his skills and vast ADA experience (over 100 access cases in 13 years of practice, according to his papers), could have handled on his own. Plaintiff makes much of the fact that Mr. Cohen was outnumbered, since the defendant retained a 150-attorney law firm. There are no doubt cases in which litigation counsel in solo or small firm practices must band together to meet the demands of litigation, particularly when they face parties represented by large law firms. However, there was absolutely no showing that this was such a case. Cohen has requested and received compensation for more than 350 hours of work on this case at a rate of $390 per hour for work performed in 2002 and $420 per hour for work performed in 2003-2005. This is more than adequate considering the results obtained in this straightforward case.

2

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES plaintiff's motion for leave to file a motion for reconsideration (Docket #89).

**IT IS SO ORDERED.**

Dated: January 31, 2006

SUSAN ILLSTON
United States District Judge